UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| PHILADELPHIA INDEMNITY INSURANCE COMPANY, ) ) ) | |
| Plaintiff, ) ) | |
| vs. ) ) | Case No. 4:24-cv-00053-MTS |
| KVC BEHAVIORAL HEALTHCARE MISSOURI, INC., *et al.*, ) ) ) ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

Defendants KVC Behavioral Healthcare Missouri, Inc. and Great Circle assert that no case or controversy exists here. Doc. [22]. Defendant Kyle Harvey agrees. Doc. [29]. So too does Plaintiff, Philadelphia Indemnity Insurance Company. Doc. [43]. It notes that the facts in the underlying litigation at issue in this declaratory judgment action have changed such that there is no more case or controversy. The only disagreement that remains here is whether the Court should dismiss the case with or without prejudice. Defendants KVC Behavioral Healthcare Missouri, Inc. and Great Circle maintain that the Court should dismiss this action with prejudice, and Plaintiff maintains the dismissal should be without prejudice.

The Court agrees that no case or controversy exists in this action. For that reason, it concludes dismissal *without* prejudice is required. *See Cnty. of Mille Lacs v. Benjamin*, 361 F.3d 460, 464 (8th Cir. 2004) ("A district court is generally barred from dismissing a case with prejudice if it concludes subject matter jurisdiction is absent."); *List v. County*

*of Carroll*, 240 F. App'x 155, 156 (8th Cir. 2007) (per curiam) (noting that a dismissal for lack of subject matter jurisdiction is effectively "a dismissal without prejudice"); *see also Green v. Dep't of Educ. of City of New York*, 16 F.4th 1070, 1074 (2d Cir. 2021) (per curiam) (explaining "dismissals for lack of subject matter jurisdiction must be without prejudice, rather than with prejudice" (internal quotations omitted)); *Womack v. Owens*, 736 F. App'x 356, 357 (4th Cir. 2018) (per curiam) ("[A] dismissal for lack of subject matter jurisdiction must be one without prejudice, because a court that lacks jurisdiction has no power to adjudicate and dispose of a claim on the merits." (internal quotations omitted)).

Accordingly,

**IT IS HEREBY ORDERED** that the Motion to Dismiss, Doc. [22], is **GRANTED** in part.  A separate Order of Dismissal dismissing this action without prejudice will be entered herewith.

Dated this 8th day of August 2024.

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE